Ruffin, Chief Justice. —
 

 The legacies to the testator’s nephew William are clbarly vested, and did not lapse by his death in the life-time of Mrs. Vaughan, the tenant for life, The words of the bequeathing clause impart a' present gift of the specific slaves, to, be delivered after the death of the testator’s wife; that is, it is a limitation by way of a vested remainder or executory devise. There is nothing subse-
 
 *55
 
 quentin tbe will to change this character. , The counsel for the plaintiffs relied on two of its provisions as having.that effect. The one is the following clause; “I give to my • ^ ® ** nephew Henry Rose £100; to his sister Catharine £50, be paid as aforesaid, (that is, at the death of his wife) if they are living; if not, revoked as to the dead.” But this clearly confined to the two pecuniary legacies given in that clause, and to the legacies “ given in like manner ” in the clause immediately succeeding it. It is. not a restriction'upon the legacies to William, which are given in a previous-independent clause, between which and that in favor of the Roses there are two other absolute dispositions of slaves to nieces of the testator. To neither of those three dispositions is any such restriction annexed ; and tjie words in the subsequent clause cannot be connected with them, but are satisfied by applying them to the gifts to the Roses. The other provision, relied on, is this: “ in case my estate should not draw the lot in which Patt and her children should fall, I wish my executor to barter a negro or negroes for them this failing, the value of them must be paid my nephew William what they may be'worth at the time he is to receive them.” It is contended, that this changes- the absolute character of the first gift. So it does; but not so as to annex the gift to the payment, and turn a vested into a contingent legacy. The testator seems to have supposed that the division of his negroés, so as to set apart his wife’s third .in-severalty, must in law be made by lot, and that/therefore possibly the slaves given to bis nephew might be lo'st to him by falling to her. Under this impression he merely directs that,Jn that event, his nephew shall have the value of those slaves, instead of the slaves themselves, unless his executor could exchange with his wife. This provision was.intended to secure his nephew in the substance, instead of cutting down his legacy. The legacy may be specific or pecuniary as things should turn out; but whether the one or the other, it was, at all events, tó be vested.,
 

 The. questions made on the residuary clause admitted of argument; for confident opinions cannot be formed as to the intentions of one who writes so inaccurately and confusedly, and with so little knowledge of the sense of his own words
 
 *56
 
 as this testator. But,, upon the whole instrument, we believe it will sufficiently appear, that the testator meant not to die intestate, as to anv part of his estate, but by the clause . . , , , • in question to provide against that event, unless, and only in case, his six brothers and sisters named, and all the children of each of them should die before bis wife. ' If so, the plaintiffs as next of kin are not entitled to any part of the residue, as at the death of the widow there were living children of three of those persons. The gift is “to six brothers and sisters (named) and to their respective heirs of the body, but no further, and these must be living at the death of my wife — to each of these one sixth part” of the residue. If this stood alone, it would not be a joint legacy, but a gift to each of one undivided sixth,, as a distinct share ; and perhaps also, upon technical grounds, must be construed to be a gift to the brothers and sisters alone, and notone to their respective children, in case the parents died. In .that case, as to the shares of the four, who died before the testator, leaving no-children, there would clearly be a lapse; and if the latter part of the proposition be likewise true, there would be a further lapse of the other shares, because all but one of the brothers and sisters died before the widow. But we think this is not the proper construction upon either of those points. The terms “ heirs of the body ” are not used in a technical sense, as words of limitation; nor are they words of purchase,, as giving immediate interest to the children of the brothers and sisters, with their parents. -They mean “ children,” who are not to take,in succession from their parents, notwithstanding the copulative conjunction, but are to take,-in the alternative, the share of their respective parent's if the latter be dead at the death of the testator, or be not alive to lake at the death' of the widow. This may be partly collected from the words “ but no further” in this part of the clause, and immediately following “ and to their respective heirs of the body.” The testator cannot be supposed to mean that his brothers and sisters should not take an absolute property, but an estate tail; as that would be futile, since such an estate is the fee in our law. Still he meant to exclude their collateral rala-tions from taking under the description, and confine the gift, at most, to their descendants. He meant further, we think,
 
 *57
 
 to exclude among them, grand children, and to confine the gift to those who would take by representation theif parents’ share, under the statute of distribution, if he had died intestate, that is, brothers’ and sisters’-children. That such an idea was in the testator’s mind, however imperfectly expressed, is detected by these words “ but no further which, else, have no meaning. But the testator puts his own construction upon “ heirs of their body but no further,” in the next sen-tenceofthe same clause; in which he expresses himselfthus: “with respect to my sister Catharine’s children,(Catharine being one of the sisters just named,) I except one, by name Thomas, who, I have been told, has been undutiful to his mother— he is I am told well off: out of her 'part he is to receive one shilling only.” This makes it plain in what sense “ heirs of the body” are to be understood; namely “children.” The . words
 
 “
 
 out of her part he is to receive ” denote also that he was not to take with her, but that the whole share was
 
 hers,
 
 ,if she should be alive ; and if she should be dead, the same share which he calls, and would have been “ her part,” is to go to her children, except Thomas. The children of a -deceased brother or sister therefore take instead of their parents, by substitution.
 

 Then as to the shares of those brothers and sisters who died before the widow and left no children. They would go to the next of kin of the testator, were it not for another provision in the next clause ; which shows, that notwithstanding the division into shares in the residuary disposition, the testator meant a joint tenancy for some purpose, so as to avoid an intestacy as to any part. As only such persons were to take as might survive his wife, and she might not only outlive all the brothers and sisters, but might live for many years, so that in the mean while his own relations, who were the objects of his bounty, might be scattered abroad, and not be found by his executor, or not know of their rights, or neglect to. apply for their legacy, the testator proposes to obviate all the difficulties that might arise at that late day, as to the mode of inquiring for and ascertaining the persons to take, and as to the shares of the whole residue, that such of his relations as might .thus be found should have. He says “ my executors shall advertise for the most responsible and best
 
 *58
 
 calculated to entrust, to come forward with powers of attor~ nsy to receive each dividend, being themselves legatees, and
 
 one from
 
 eac^
 
 family,
 
 so soon as he is able to pay them ;■
 
 and in case they fail to come forward in five years from the date of the advertising, the part so given is to he equally divided amongst the others
 
 applyingThose who take are to take in families; and those families, if any apply, are to have all, is the meaning of the will. There is no intestacy, therefore,*' since the children of some of the testator’s brothers and sisters survived the widow, and did apply for and receive the estate.
 

 The bill must be dismissed with costs.
 

 Per Curiam. Bill dismissed.